**AMERICAN TWINE & FABRIC CORP. v. TEXTILE WORKERS UNION OF AMERICA, CIO.**

**No. 896.**

United States District Court
D. New Hampshire.

March 21, 1951.

Hughes & Burns, Dover, N. H., for plaintiff.

David Jaffe, New York City, Charles W. Tobey, Jr., Concord, N. H., for defendant.

CONNOR, District Judge.

This action came on to be heard upon plaintiff's prayer for a temporary injunction to restrain the Textile Workers Union of America, CIO, from exercising or attempting to exercise any rights which said Union claims to have acquired under the decision of the National Labor Relations Board, including the right to be the sole and exclusive representative for the purpose of collective bargaining of all the employees of the plaintiff in matters pertaining to their employment.

Plaintiff further prays that, upon the hearing of this cause upon the merits, the decision and certification of the National Labor Relations Board adopting the report, rulings, and recommendations of the Hearing Officer, and establishing the defendant as the sole and exclusive representative of the employees of plaintiff for the purpose of collective bargaining be declared null and void, and set aside; that the trial before the Hearing Officer of said Board be found to be arbitrary and illegal, by reason of errors made therein, and that plaintiff's rights be not bound and determined by the results thereof; that the election held among certain employees of the plaintiff November 4, 1949, be set aside by reason of said election being unfair, illegal, and oppressive, because of threats, coercion, and intimidation exercised by defendant upon certain employees of the plaintiff. The plaintiff contends that it is entitled to review in this court of the certification issued under Section 9(c) of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 159(c), and all pertinent pri-

or proceedings, claiming such right as being within the purview of Section 1331, Title 28 U.S.C.A.

Heard in conjunction with the above prayer for relief was defendant's motion to dismiss, which is grounded upon lack of jurisdiction and failure of plaintiff's complaint to state a claim upon which relief may be granted.

Disposition may be made of both pleadings in determining only the issue of jurisdiction. The precise question never has been passed upon by the Supreme Court, although it is referred to in American Federation of Labor v. National Labor Relations Board, 308 U.S. 401, 412, 60 S.Ct. 300, 84 L.Ed. 347, and likewise in a later case, Inland Empire Dist. Council v. Millis, 325 U.S. 697, 699, 65 S.Ct. 1316, 89 L.Ed. 1877. In both instances, determination of the question was withheld because of the failure of a proper showing of "departure from statutory requirements or from those of due process of law."

One aggrieved by a final order of the Board in an unfair labor practice proceeding is afforded the right to judicial review of such order by virtue of Subsection (f) of Section 10 of the Act as amended. 61 Stat. 136, 29 U.S.C.A. § 160(f). While it has been held that this statutory review is exclusive, the decisions on this point are in conflict. See footnote, Inland Empire Dist. Council v. Millis, supra, 325 U.S. at page 699, 65 S.Ct. at page 1318. The question is exhaustively considered in Madden, Regional Director, v. Brotherhood and Union of Transit Employees, 4 Cir., 147 F.2d 439, 158 A.L.R. 1330, and with the reasoning and result there reached I am in complete accord.

The review here prayed for is not available to the plaintiff under Section 1331, supra, but if and when a final order is issued as authorized by the terms of Subsection (c) of Section 10, the right to judicial review of the entire record thereupon accrues to the plaintiff as provided in Subsection (f).

The defendant's motion is granted; and it is ordered that the action be and it hereby is dismissed.